## SUPREME COURT.

THE PEOPLE *ex rel.* JOHN WATERS agt. THE COMMISSIONERS
OF EMIGRATION.

A *mandamus* will be granted to compel the performance of an official duty enjoined by *statute*. But it will not be granted to compel the performance of a duty which is not clearly made official by the statute.

For instance, where the *relator*, claiming to be an employee of the marine hospital on Staten Island, made application for a mandamus to compel the commissioners of emigration to pay a certain amount as an allowance for *rent* which he had been obliged to pay for a dwelling outside of the quarantine inclosure since the destruction of the quarantine buildings by fire in 1858,

*Held*, that the relator could not by his own act, by going outside of the quarantine inclosure and renting another dwelling, create a statutory duty to pay money, or create even a contract on the part of the commissioners to pay him an equivalent for the use of the building destroyed by fire.

*New York Special Term, December,* 1861.

MOTION by the relator for a mandamus against the commissioners of emigration.

WILLIAM TRACY, *for the relator.*
JOHN E. DEVELIN, *for the commissioners.*

SUTHERLAND, Justice.  Take the relator's own case, and in my opinion he is not entitled to a mandamus directing the payment of the amount of $432, as an allowance for rent which he has been obliged to pay for a dwelling outside of the quarantine inclosure, since the destruction of the quarantine buildings by fire in 1858.

Concede that the relator is and has been, since the destruction of said buildings by fire, an employee of the marine hospital, within the meaning of section 7 of the act of April 13, 1853, yet the duty enjoined upon the commissioners by that section is to provide suitable accommodations for such employees, not to pay money.  The relator could not by his own act, by going outside of the quarantine inclosure and renting another dwelling, create a statutory duty to pay money, certainly not a certain sum of money.

The relator could not, by his own act, create even a contract on the part of the commissioners to pay him an equivalent for the use of the building destroyed by fire, much less a statutory duty.

A mandamus will be granted to compel the performance of an official duty enjoined by statute, but the act or duty so to be enforced by mandamus, must be the act or duty enjoined by the statute.

But the relator asks for a mandamus not only directing the payment of the $432, but also commanding the commissioners immediately to provide suitable accommodations for him within the quarantine inclosure or elsewhere, so that he may have a residence.

If the relator is an employee of the marine hospital, and the statutory duty, notwithstanding the destruction of the

quarantine buildings by fire, is in full force, it is not the statutory duty of the commissioners to provide suitable accommodations elsewhere, or outside of quarantine inclosure ; and certainly, as it appears from the papers submitted on this application, and from the statutes referred to by the counsel on the argument, that the quarantine buildings, destroyed by fire in 1858, were transferred to the commissioners, and held by them in trust for the state, and were not erected by the commissioners, I ought not to hold it to be the duty of the commissioners to erect *new* buildings, within the quarantine inclosure or burnt district, in the absence of any *new* statutory direction.

I will add, that I think there is too much doubt whether the relator is or was an employee of the marine hospital within the meaning of the 7th section of the act of 1853, to authorize the issuing of the mandamus.

The relator's motion must be denied, with $10 costs.